IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER UMPHRESS, et al.,

   Plaintiffs,

  v.

SIMPLY THICK, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-3619-TWT

### ORDER

This is a products liability action. It is before the Court on Defendants Simply Thick, LLC ("Simply Thick"), Thermo Pac, LLC ("Thermo Pac"), and Ameriqual Group, LLC's ("Ameriqual") (collectively "Simply Thick Defendants") Partial Motion to Dismiss [Doc. 63], and Defendant H. J. Heinz Company's ("Heinz") Motion to Dismiss [Doc. 76]. For the reasons set forth below, the Court DENIES AS MOOT the Simply Thick Defendants' Partial Motion to Dismiss [Doc. 63], and DENIES AS MOOT Heinz's Motion to Dismiss [Doc. 76].

The Plaintiffs in this action are minor A.U., and her parents Jennifer Umphress and Shane Umphress. Jennifer Umphress and Shane Umphress are Plaintiffs in their individual capacity and as the parents and natural guardians for their daughter A.U. The Plaintiffs allege that the product SimplyThick (the "Product") was fed to minor

baby A.U. at the University of New Mexico Hospital days before her discharge on September 14, 2009, and then in the subsequent week by her mother Jennifer, as instructed by A.U.'s doctors at the hospital. (Second Am. Compl. ¶ 2, 51.) The Product is a food thickener, which is mixed with food and beverage so it is easier to consume for persons who have difficulty swallowing. (Id. at ¶ 3.) The Plaintiffs allege that the Product was defective and tainted, and caused A.U. to develop a rare intestinal tissue disease known as necrotizing enterocolitis ("NEC"). (Id. at ¶ 2.) The Food and Drug Administration ("FDA") issued a press release on May 20, 2011, telling parents and health care providers not to give the Product to premature infants. (Id. at ¶ 8.) The Plaintiffs allege that as a result of consuming the Product, A.U. will continue to endure pain and suffering, a shortened life expectancy, and other damages yet unknown. (Id. at ¶ 2.)

The Product was developed, distributed and sold by Defendant Simply Thick, and was manufactured, processed, packaged, assembled, tested, and distributed from a Stone Mountain, Georgia manufacturing facility owned by Thermo Pac, a wholly-owned subsidiary of Ameriqual since July 30, 2008. (Id. at ¶ 4.) Prior to July 30, 2008, during precise dates unknown to the Plaintiffs, Heinz owned the manufacturing facility, and upon information and belief, developed a "cold fill" manufacturing process to manufacture the Product. (Id. at ¶ 5.) The "cold fill" process was not

approved by the FDA. (Id.) Shortly after the FDA's May 20, 2011, press release, the FDA inspected the manufacturing facility and found numerous deficiencies. (Id. at ¶ 9.)

The Plaintiffs filed the Complaint in the State Court of DeKalb County, Georgia, on September 6, 2011, and the Defendants removed the Complaint to this Court on October 21, 2011 [Doc. 1]. The Plaintiffs filed the Second Amended Complaint on February 8, 2012 [Doc. 58]. In the Second Amended Complaint, the Plaintiffs bring claims in strict liability for manufacturing defect and failure to warn, for negligence, for breach of implied warranty, for negligent misrepresentation, and for violation of New Mexico's Unfair Practices Act. On May 11, 2012, the Plaintiffs filed a Notice of Dismissal Without Prejudice of Defendant Heinz [Doc. 84]. Therefore, Heinz's Motion to Dismiss is now moot. The Simply Thick Defendants filed their Partial Motion to Dismiss on February 22, 2012, and asked this Court to dismiss the Plaintiffs' claims for negligent misrepresentation and violation of New Mexico's Unfair Practices Act [Doc. 63]. On September 6, 2012, this Court signed a Consent Order for Dismissal With Prejudice of Plaintiffs' claim for negligent misrepresentation and Plaintiffs' claim for violation of New Mexico's Unfair Practices Act. Therefore, the Simply Thick Defendants' Partial Motion to Dismiss is now moot.

For the reasons set forth above, the Court DENIES AS MOOT the Simply Thick Defendants' Partial Motion to Dismiss [Doc. 63], and DENIES AS MOOT Heinz's Motion to Dismiss [Doc. 76].

SO ORDERED, this 6 day of September, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge